UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-20223-COOKE(s)
18 U.S.C. § 371
18 U.S.C. § 1343
18 U.S.C. § 1346
18 U.S.C. § 666(a)(1)(B)
18 U.S.C. § 666(a)(2)
18 U.S.C. § 981(a)(1)(C)

FILED by _____ D.C.
APR - 6 2015
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES OF AMERICA

vs.

JESUS TELLO,
REINALDO MARTIN CRUZ,
   a/k/a "Buty,"
MICHAEL PEREZ,
   a/k/a "Mikey,"
RONALD ALFARO,
ARISTIDES PAULINO,
and KERI DIXON,

   Defendants.
_____/

## SUPERSEDING INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Superseding Information:

**The Public Agency**

1.      The City of Miami Police Department ("MPD") is an organization and agency within the City of Miami, a municipal government located within the Southern District of Florida, that has received federal benefits in excess of $10,000 within a one-year period under a Federal program involving a grant, contract, subsidy, and other form of Federal assistance.

1

## The Public Officials

2. Defendant **ARISTIDES PAULINO** has been employed by the MPD as a Public Service Aide (PSA).

3. Defendant **KERI DIXON** has been employed by the MPD as a Public Service Aide (PSA).

4. A Public Safety Aide is a MPD employee, whose duties include directing traffic, locating and responding to accidents, the investigation of motor vehicle accidents, drafting accident reports, the issuance of traffic summons, assisting officers, responding to requests for help, and other non-hazardous duties.

5. As MPD employees, the defendants, **ARISTIDES PAULINO** and **KERI DIXON**, owed the MPD and the citizens of the City of Miami the intangible right of honest services.

## The City of Miami Wrecker Operator System

6. When a traffic accident occurs within the City of Miami, inoperable vehicles are generally moved from the scene of that accident by privately owned tow truck companies.

7. When a vehicle is disabled because of an accident, the driver must call a tow company himself, have his insurance company arrange a tow, or ask the responding police officer or public service aide to arrange a tow.

8. The City of Miami has established a rotational wrecker operator system. If an the officer or public service aide is asked to arrange the tow, City of Miami Police regulations require the responding unit to contact police dispatch, who will in turn notify the authorized rotational wrecker company of the accident.

9. In order to become an authorized rotational wrecker, the wrecker company must

2

enter a contract with the City of Miami (hereinafter, "wrecker agreement"). When the authorized rotational wrecker company makes a tow pursuant to the wrecker agreement, that wrecker company is required to pay a fee to the City of Miami. The wrecker agreement also forbids the authorized rotational wrecker company from soliciting business at accident scenes, paying gratuities to City of Miami employees, steering business to particular collision repair centers (a/k/a "garages"), or accepting kickbacks from garages.

10. Because the City of Miami has a rotational wrecker system, Florida State Law prohibits any unauthorized tow truck driver from soliciting business from the driver of a disabled vehicle before the authorized wrecker has arrived at that accident scene in the City of Miami. Tow truck operators that attempt to circumvent the rotational wrecker system and illegally solicit business at accident scenes are known in the tow industry as "pirates."

### The Tow Truck Operators

11. The defendants, **JESUS TELLO, REINALDO MARTIN CRUZ, a/k/a "Buty," MICHAEL PEREZ, a/k/a "Mikey,"** and **RONALD ALFARO** would drive tow trucks owned by other companies and persons, including, but not limited to, Wrecker Company A and Wrecker Company B, both of which were authorized wrecker companies for a geographic sector within the City of Miami.

### The Collision Repair Company

12. Garage A is a collision repair company physically located in the Southern District of Florida. Garage A would regularly store and repair damaged vehicles, billing individuals and insurance companies located within and outside the State of Florida.

### Metro PCS

13. Metro PCS is cellular telephone service provider. When a Metro PCS cellular

telephone sends, or receives, a text message, that message is routed through computer servers that are physically located in Texas.

## COUNT 1

### Conspiracy
### (18 U.S.C. § 371)

1. Paragraphs 1 through 13 of the General Allegations of this Superseding Information are re-alleged and incorporated as though fully set forth herein.

2. From in or around late 2011, the exact date being unknown to the United States Attorney, through on or about December 2, 2014, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JESUS TELLO,**
**REINALDO MARTIN CRUZ,**
a/k/a "Buty,"
**MICHAEL PEREZ,**
a/k/a "Mikey,"
**RONALD ALFARO,**
**ARISTIDES PAULINO,**
**and KERI DIXON,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and other persons known and unknown to the United States Attorney, to commit an offense against the United States, that is:

(a) to knowingly and with intent to defraud, devise, and intend to devise a scheme and artifice to defraud the City of Miami and its citizens of their intangible right to honest services by Miami Police Department (MPD) employees through bribes and kickbacks, and transmitting and causing to be transmitted certain wire communications in interstate commerce for the purpose of executing the scheme and

4

artifice, in violation of Title 18, United States Code, Sections 1343 and 1346; and

(b) to corruptly solicit and demand for the benefit of any person, accept and agree to accept anything of value from any person, intending to be influenced and rewarded, as an agent of a State and local organization, government, and any agency thereof, in connection with any business, transaction, and series of transactions involving any thing of value of $5,000 or more, within a one year period that said organization, government, and agency has received more than $10,000 under a Federal program, involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance, in violation of Title 18, United States Code, Section 666(a)(1)(B);

(c) to corruptly give, offer, or agree to give anything of value to any person, with intent to influence and reward an agent of an organization, State government, and local government, and any agency thereof, in connection with any business, transaction, and series of transactions of such organization, government, and agency involving any thing of value of $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(2).

## **OBJECT OF THE CONSPIRACY**

It was the object of the conspiracy that the defendants and their co-conspirators utilize a corrupt bribery and kickback scheme to unlawfully enrich themselves and deny the City of Miami and its citizens their intangible right of honest services.

## **MANNER AND MEANS**

The manner and means by which defendants and their co-conspirators sought to accomplish the object of the conspiracy included, but were not limited to, the following:

5

1. The defendants, **JESUS TELLO, REINALDO MARTIN CRUZ, a/k/a "Buty," MICHAEL PEREZ, a/k/a "Mikey,"** and **RONALD ALFARO** would operate tow trucks that serviced traffic accidents within the jurisdiction of the City of Miami Police Department.

2. As MPD Public Safety Aides, Defendants **KERI DIXON** and **ARISTIDES PAULINO** would have access to computer databases and communications identifying accident locations and other information related to those accidents within the jurisdiction of the MPD. Defendants **KERI DIXON** and **ARISTIDES PAULINO** would also be present at accident scenes, either as the primary MPD employee responsible for investigating and processing the accident, or as a secondary MPD employee assisting a responding MPD officer or PSA.

3. The defendants, **JESUS TELLO, REINALDO MARTIN CRUZ, a/k/a "Buty," MICHAEL PEREZ, a/k/a "Mikey," RONALD ALFARO**, and other known persons would pay Defendants **KERI DIXON** and **ARISTIDES PAULINO** in cash, gifts, and services, in exchange for Defendants **KERI DIXON** and **ARISTIDES PAULTINO** using their official positions to steer business towards, or otherwise assist, tow truck operators with soliciting business from stranded motorists and towing their vehicles to certain garages.

4. The defendants, **JESUS TELLO, REINALDO MARTIN CRUZ, a/k/a "Buty," MICHAEL PEREZ, a/k/a "Mikey," RONALD ALFARO**, and other known persons would circumvent the rotational wrecker system by arriving at accident scenes within the jurisdiction of the MPD, without a request having been placed by the MPD complaint room (a/k/a "dispatch"), and then soliciting stranded drivers to have their disabled vehicles towed to certain garages that would pay kickbacks for the delivery of damaged vehicles.

5. Garage A would make material misstatements in, and omit material information

from, its books and records for the purpose of concealing the scheme and maximizing profits.

6. In each instance that the rotational wrecker process was circumvented, the City of Miami would be defrauded from receiving the administrative fee that it would have been due had the tow been made in compliance with the City of Miami's rotational wrecker agreement.

7. Defendants **KERI DIXON** and **ARISTIDES PAULINO** would each take steps to conceal their participation in the bribery and kickback scheme. For example, neither defendant **KERI DIXON**, nor defendant **ARISTIDES PAULINO**, would report their receipt of bribe payments to the MPD or citizens of Miami. Defendant **KERI DIXON** and **ARISTIDES PAULINO** would also make misrepresentations in, and omit information from, accident reports regarding the disposition of disabled vehicles.

8. The defendants, **JESUS TELLO, REINALDO MARTIN CRUZ, a/k/a "Buty," MICHAEL PEREZ, a/k/a "Mikey," RONALD ALFARO**, and other known persons concealed their payment of bribes and kickbacks to defendants **KERI DIXON** and **ARISTIDES PAULINO**. Defendants **MICHAEL PEREZ, a/k/a "Mikey," RONALD ALFARO,** and other known persons logged onto, and caused others to log onto, a MPD-issued computer and access MPD databases under false pretenses by using the identification number and password of defendant **ARISTIDES PAULINO**, who had provided that confidential access information in exchange for a promise of payment.

## OVERT ACTS

In furtherance of this conspiracy and in order to accomplish its object, at least one of the defendants or other co-conspirator committed at least one of the following overt acts, among others, in Miami-Dade County, in the Southern District of Florida:

7

1. On or about January 10, 2013, **JESUS TELLO** towed a disabled Lexus from near or around S. Miami Avenue and S.W. 7th Street.

2. On or about January 10, 2013, **KERI DIXON** completed a Florida Traffic Crash Report related to an accident located near or around S. Miami Avenue and S.W. 7th Street.

3. On or about January 14, 2013, **JESUS TELLO** towed a disabled BMW 238i from near or around S.W. 37th Avenue and El Prado Blvd.

4. On or about January 14, 2013, **ARISTIDES PAULINO** completed a Florida Traffic Crash Report related to an accident located near or around S.W. 37th Avenue and El Prado Blvd.

5. On or about January 30, 2013, **JESUS TELLO** towed a disabled Ford Edge from near or around Bird Avenue and Dixie Highway.

6. On or about October 7, 2013, **ARISTIDES PAULINO** used his Metro PCS cellular telephone to send two text messages to **JESUS TELLO**'s cellular telephone that stated: "Sw 10ave n 8st" and "Honda accord..ford edge."

7. On or about January 8, 2014, **KERI DIXON** sent a text message from her Metro PCS cellular telephone to Jesus Tello's cellular telephone that stated "32av 8st."

8. On or about January 8, 2014, **KERI DIXON** sent a text message to **JESUS TELLO** that stated: "See I'm over here convincing the lady for you telling her you're a good guy."

9. On or about January 8, 2014, **JESUS TELLO** towed a disabled Buick from near or around S.W. 32nd Avenue and 8th Street.

10. On or about January 11, 2014, **KERI DIXON** sent **REINALDO MARTIN CRUZ, a/k/a "Buty,"** a text message that stated: "22 22, Silver Nissan black Hyundai."

11. On or about January 11, 2014, **REINALDO MARTIN CRUZ, a/k/a "Buty,"** towed a disabled black Hyundai Sonata from near or around S.W. 22nd Avenue and Coral Way (S.W. 22nd Street).

12. On or about January 27, 2014, **JESUS TELLO** towed a disabled Toyota van from an accident scene near or around S.W. 27th Avenue and 27th Street.

13. On or about January 27, 2014, **KERI DIXON** sent **JESUS TELLO** a text message that stated: "Make sure u bring my money."

14. On or about February 4, 2014, **KERI DIXON** sent **REINALDO MARTIN CRUZ, a/k/a "Buty,"** a text message that stated: "Bird Dixie."

15. On or about February 4, 2014, **REINALDO MARIN CRUZ, a/k/a "Buty,"** towed a disabled Toyota Prius from near or around Bird Avenue and South Dixie Highway.

16. On or about February 4, 2014, **MICHAEL PEREZ, a/k/a "Mikey,"** towed a disabled Toyota Matrix from near or around Bird Avenue and South Dixie Highway.

17. On or about February 7, 2014, **KERI DIXON** sent **REINALDO MARTIN CRUZ, a/k/a "Buty,"** a text message that stated: "2869 27 av."

18. On or about February 17, 2014, **ARISTIDES PAULINO** used his Metro PCS cellular telephone to send a text message listing his MPD-issued computer user name to a known person's cellular telephone.

19. On or about July 28, 2014, **ARISTIDES PAULINO** drafted a report related to an accident that occurred near or around S.W. 42nd Avenue and Loquat Avenue.

20. On or about Jury 28, 2014, **RONALD ALFARO** towed a disabled Honda Element from near or around S.W. 42nd Avenue and Loquat Avenue.

All in violation of Title 18, United States Code, Section 371.

## **FORFEITURE ALLEGATIONS**

1.  The allegations of this Superseding Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which each of the defendants, **JESUS TELLO, REINALDO MARTIN CRUZ, a/k/a "Buty," MICHAEL PEREZ, a/k/a "Mikey," RONALD ALFARO, ARISTIDES PAULINO, and KERI DIXON** has an interest.

2.  Upon conviction of a violation of Title 18, United States Code, Section 666, 1341, 1343, or a conspiracy to commit such violation, as alleged in this Superseding Information, each of the defendants shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), and the procedures set forth in Title 21, United States Code, Section 853.

_[signature]_
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_[signature]_
ANTHONY W. LACOSTA
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

JESUS TELLO,
REINALDO MARTIN CRUZ,
   a/k/a "Buty,"
MICHAEL PEREZ,
   a/k/a "Mikey,"
RONALD ALFARO,
ARISTIDES PAULINO,
and KERI DIXON,

                    **Defendants.**
_____/

CASE NO.   15-CR-20223-COOKE(s)

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

  **X**  Miami  ___  Key West
  ___  FTL  ___  WPB  ___  FTP

New Defendant(s)   Yes  **x**  No ___
Number of New Defendants   4
Total number of counts   1

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   No
   List language and/or dialect   _____

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | |
   |---|---|---|
   | I | 0 to 5 days | **X** |
   | II | 6 to 10 days | ___ |
   | III | 11 to 20 days | ___ |
   | IV | 21 to 60 days | ___ |
   | V | 61 days and over | ___ |

   (Check only one)

   | | |
   |---|---|
   | Petty | ___ |
   | Minor | ___ |
   | Misdem. | ___ |
   | Felony | **X** |

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   Yes
   If yes:
   Magistrate Case No.   15-mj-02362-JJO
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___Yes   _X_ No

                                          _/s/ Anthony W. Lacosta_
                                          ANTHONY W. LACOSTA
                                          ASSISTANT UNITED STATES ATTORNEY
                                          COURT NO. A5500698

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: JESUS TELLO**

**Case No**: _____

Count #: 1

Conspiracy to Commit an Offense against the United States

Title 18, United States Code, Section 371

* **Max.Penalty**:    5 years

Counts #:



* **Max.Penalty**:

Count #:



* **Max.Penalty**:

Count #:



* **Max.Penalty**:


*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>**REINALDO MARTIN CRUZ a/k/a "Buty"**</u>

**Case No:** _____

Count #: 1

<u>Conspiracy to Commit an Offense against the United States</u>

<u>Title 18, United States Code, Section 371</u>

<u>* **Max.Penalty**:     5 years</u>

Counts #:

_____

_____

<u>* **Max.Penalty**:</u>

Count #:

_____

_____

<u>* **Max.Penalty**:</u>

Count #:

_____

_____

<u>* **Max.Penalty**:</u>

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>MICHAEL PEREZ a/k/a "Mikey"</u>

**Case No:** _____

Count #: 1

<u>Conspiracy to Commit an Offense against the United States</u>

<u>Title 18, United States Code, Section 371</u>

**\* Max.Penalty:**     <u>5 years</u>

Counts #:

_____

**\* Max.Penalty:** _____

Count #:

_____

**\* Max.Penalty:** _____

Count #:

_____

**\* Max.Penalty:** _____

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>RONALD ALFARO</u>

**Case No**: _____

Count #: 1

<u>Conspiracy to Commit an Offense against the United States</u>

<u>Title 18, United States Code, Section 371</u>

\* **Max.Penalty**:    <u>5 years</u>

Counts #:

_____

_____

\* **Max.Penalty**:

Count #:

_____

_____

\* **Max.Penalty**:

Count #:

_____

_____

\* **Max.Penalty**:

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>**ARISTIDES PAULINO**</u>

**Case No**: _____

Count #: 1

<u>Conspiracy to Commit an Offense against the United States</u>

<u>Title 18, United States Code, Section 371</u>

**\* Max.Penalty**:     5 years

Counts #:

_____

_____

**\* Max.Penalty**:

Count #:

_____

_____

**\* Max.Penalty**:

Count #:

_____

_____

**\* Max.Penalty**:

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: KERI DIXON**

**Case No:** _____

Count #: 1

Conspiracy to Commit an Offense against the United States

Title 18, United States Code, Section 371

* **Max.Penalty**:      5 years

Counts #:



* **Max.Penalty**:

Count #:



* **Max.Penalty**:

Count #:



* **Max.Penalty**:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.