UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                                    **CASE NO.** 15-20223-CR-COOKE

RONALD ALFARO

        Defendant.
_____/

## DEFENDANT RONALD ALFARO'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW, the Defendant, Ronald Alfaro, by and through his undersigned counsel and files his objections to the Presentence Investigation Report in this case and states in support thereof:

### OFFENSE LEVEL COMPUTATION

1. As to **Paragraph 40, Page 12**, Defendant Alfaro objects to the four level increase under 2C1.1(b)(3). This objection was made by all counsel for the co-defendants. Undersigned counsel concurs with his esteemed colleagues on their objections to co-defendant's Dixon and Paulino' s classification that PSA's are elected public officials or any public official in a high-level decision making or sensitive position.

The defendant's guideline range should **not** be increased for the following reasons:

**U.SSG 2C1.2(b)(3)** The commentary to that section, in turn provides:

(A) Definition-"High-level decision making or sensitive position", means a position characterized by a direct authority to make decisions for, or on behalf of, a government department, agency, or other government entity, or by a substantial influence over the decision-making process.

(B) Examples- Examples of a public official in a high level decision making position include a prosecuting attorney, a judge, an agency administrator, a law enforcement officer, and any other public official with a similar level of authority. Examples of a public official who holds a sensitive position include a juror, a law enforcement officer, an elected official and any other similarly situated individual.

Given the examples used in the commentary, it is clear that a Public Service Aid does not reach the level to that of a public official co-defendants Dixon and Paulino are not law enforcement officers. Neither Dixon nor Paulino had enforcement authority. Neither Dixon nor Paulino were agency administrators or similar public officials with a similar level of authority. Dixon's and Paulino's employment responsibilities did not rise to the level set in these examples of when this enhancement applies. Dixon and Paulino could not make an arrest, and had no decision-making authority to make an arrest. Dixon and Paulino could not hire or fire anyone in their capacity as a Public Service Aids. Dixon and Paulino in their capacity could not bind the City of Miami to any decision made on their behalf.  Dixon and Paulino had no policy making authority.   Given the high level set on applying this enhancement, the defendant Alfaro respectfully requests that this enhancement **not** apply to his sentencing guideline.

In *United States v. Richards 674 F. 3d 215*, the District Court enhanced the defendant's guideline range in applying the enhancement under 2C1.2 (b) (3). The defendant in that cause

was a former county official who pleaded guilty to accepting a bribe. The Government introduced evidence that the defendant was responsible for designing, implementing, and maintaining a centralized Human Resource Department. The defendant provided leadership and oversight of all personnel functions. He was also responsible for writing, maintaining and applying the county policies and guidelines by administering and directing a comprehensive human resource program, formulating and recommending policies, regulations, and practices for carrying out programs, consulting and advising the County staff to coordinate the various phases of the policies, practices, ordinances and resolutions. The Defendant in Richards even admitted that the above was true as it related to his job as a county official. The Court properly enhanced his guideline range, due to his "high level decision making or sensitive position".

The responsibilities and employment related activities of co-defendants Dixon and Paulino in this case, simply do not rise to the level of the above and therefore, Defendant Alfaro objects to his enhancement. Hence defendant Alfaro requests a four level guideline decrease.

### Objection to Paragraph 42- Adjustment for Role in the Offense

The defendant believes that he should receive a mitigating role in the offense, and accordingly, receive a two (2) level reduction as a minor participant.

### PART D.  SENTENCING OPTIONS

**Objection to Paragraph 87- Guideline Provisions**

The appropriate offense level should be level 15, with a guideline imprisonment range 18 to 24 months.

## PART E.  FACTORS THAT MAY WARRANT DEPARTURES

The defendant believes that there are factors that this Honorable Court may take into consideration to grant a downward variance, and respectfully requests that he be allowed present those factors by memorandum and at time of sentencing.

Respectfully submitted,

*s/ Roberto R. Pardo*
**ROBERTO R. PARDO, P.A.**
Attorney for Defendant, Ronald Alfaro
Florida Bar No.: 0651397
7700N. Kendall Drive, Suite512
Miami, Florida  33156
Tel:  (305) 596-7794  Fax: (305) 596-5854
Email: rpardo@pardolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the all parties.

*s/ Roberto R. Pardo*
**ROBERTO R. PARDO, ESQ.**